**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Devan Chokshi, Individually and as Personal Representative of the Estate of Freni Hazare, Deceased, Vatsal Chokshi, Individually and as Personal Representative of the Estate of Dhruv Chokshi, Deceased, Respondents,

v.

BIF-Summerville Station, LLC, PAC-Summerville, LLC, Beach Investment Fund, L.P., Beach Real Estate Funds, LLC, Beach Co., Lincoln BP Management, Inc., Lincoln Property Company National LLC, John/Mary Does 1-3, Corporations XYZ 1-3, Defendants,

of which BIF-Summerville Station, LLC, and PAC-Summerville, LLC are the Appellants.

Appellate Case No. 2024-001811

Appeal From Dorchester County
Heath P. Taylor, Circuit Court Judge

Unpublished Opinion No. 2026-UP-364
Submitted March 2, 2026 – Filed July 15, 2026

**AFFIRMED**

Morgan S. Templeton and Ford Hamby Thrift, both of

Wall Templeton & Haldrup, PA, of Charleston, for
Appellants.

Jason Scott Stevens, of Jason S. Stevens, LLC; Jesse
Sanchez, of The Law Office of Jesse Sanchez, LLC; and
Christopher J. Gramiccioni, of Kingston Coventry LLC;
all of Mount Pleasant, for Respondents.

---

**PER CURIAM:**  BIF-Summerville Station, LLC (BIF) and PAC-Summerville,
LLC (PAC) (collectively, Appellants) appeal the circuit court's order denying their
motion to strike Respondents' jury trial demand.  We affirm.

"Whether a party is entitled to a jury trial is a question of law." *Pearson v.
Richland County*, 445 S.C. 246, 249, 912 S.E.2d 286, 288 (Ct. App. 2025) (quoting
*Verenes v. Alvanos*, 387 S.C. 11, 15, 690 S.E.2d 771, 772 (2010)).  "As to
questions of law, this court's standard of review is de novo."  *Id.* (quoting *Citizens
for Quality Rural Living, Inc. v. Greenville Cnty. Plan. Comm'n*, 426 S.C. 97, 102,
825 S.E.2d 721, 724 (Ct. App. 2019)).  "An appellate court may decide questions
of law with no particular deference to the trial court."  *Id.* (quoting *Verenes*, 387
S.C. at 15, 690 S.E.2d at 772–73).

"Trial by jury is a substantial right and any waiver thereof must be strictly
construed." *Broome v. Watts*, 319 S.C. 337, 340, 461 S.E.2d 46, 48 (1995) (quoting
*N. Charleston Joint Venture v. Kitchens of Island Fudge Shoppe, Inc.*, 307 S.C.
533, 535, 416 S.E.2d 637, 638 (1992)).  In South Carolina, "[a] party may waive
the right to a jury trial by contract." *Skywaves I Corp. v. Branch Banking & Tr.
Co.*, 423 S.C. 432, 449, 814 S.E.2d 643, 652 (Ct. App. 2018) (alteration in
original) (quoting *Wachovia Bank, Nat'l Ass'n v. Blackburn*, 407 S.C. 321, 332,
755 S.E.2d 437, 443 (2014)).  However, "[t]he right of trial by jury is highly
favored, and waivers of the right are always strictly construed and not lightly
inferred or extended by implication." *Keels v. Pierce*, 315 S.C. 339, 342, 433
S.E.2d 902, 904 (Ct. App. 1993).  While jury trial waivers are strictly construed,
they are nevertheless construed according to their "plain, ordinary and popular
meaning." *Beach Co. v. Twillman, Ltd.*, 351 S.C. 56, 64, 566 S.E.2d 863, 866 (Ct.
App. 2002), *aff'd as modified on other grounds by Deutsche Bank Nat'l Tr. Co. v.
Est. of Houck*, 440 S.C. 409, 892 S.E.2d 280 (2023).

Here, the only parties to the Lease Agreement were Freni Hazare as the tenant and BIF and PAC as the landlords, as they were the only parties listed in section one of the Lease Agreement.  It stated,

> This Lease Contract (sometimes referred to as the "lease") is between *you* the resident(s) (list all people signing the Lease Contract) . . . and *us*, the owner . . . . The terms "you" and "your" refer to all residents listed above.  The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successor in interest or assigns).

Reading the plain language of the Lease Agreement, we find the jury trial waiver did not apply to Respondents.  By its own express terms, the waiver provision provides that "you" and "we" agree to a bench trial.  Reading the Lease Agreement as a whole, it is apparent that "you" refers solely to Hazare and "we" refers to BIF, PAC, or any of their successors or assigns.  The contract notably excludes any binding language for the heirs, successors, or assigns of the tenant.  Thus, the circuit court properly denied Appellants' motion to strike.  *See N. Charleston Joint Venture*, 307 S.C. at 535, 416 S.E.2d at 638 (holding a jury trial waiver clause contained within a lease agreement did not bind tenant's guarantors because "the waiver clause, by its express terms, is applicable only to Landlord and Tenant" and the guarantors were not parties to the lease contract); *see also Penland Auto., LLC v. Dealer Fin. Holdings, LLC*, No. 2023-001053, 2026 WL 191737 (S.C. Ct. App. Jan. 21, 2026) (holding the jury waiver provision from an initial 2016 financing agreement did not apply in a 2020 agreement between the parties when the subsequent agreement lacked express intent to incorporate all of the prior terms of the 2016 agreement); *Keels*, 315 S.C. at 342, 433 S.E.2d at 904 ("The right of trial by jury is highly favored, and waivers of the right are always strictly construed and not lightly inferred or extended by implication.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.